IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Case No. 3:16CR9 |
| | ) |
| JAMES WILLIAM HILL, III, | ) |
| | ) |
| Defendant. | ) |

## PROPOSED JURY INSTRUCTIONS OF THE UNITED STATES

The United States, by and through the undersigned attorneys, hereby submits the following proposed jury instructions on elements for this prosecution. The United States requests leave to offer such other and additional instructions as may become appropriate during the course of the trial.

1. Count One – Elements of the Offense - Hate Crime Acts (18 U.S.C. § 249(a)(2)).

2. Element One: "Bodily Injury" Defined - 18 U.S.C. § 249(a) (2).

3. Element Two: "Willfully" Defined - 18 U.S.C. § 249(a) (2).

4. Element Three: "Because of the Actual or Perceived Sexual Orientation" Defined - 18 U.S.C. § 249(a) (2).

5. Element Four: Circumstances in Which the Conduct Occurred: Interference with "Commercial or Economic Activity" and Otherwise Affecting "Interstate or Foreign Commerce - 18 U.S.C. § 249(a) (2).

6. Element Four: Circumstances in Which the Conduct Occurred: Otherwise Affecting "Interstate or Foreign Commerce - 18 U.S.C. § 249(a) (2).

PROPOSED JURY INSTRUCTION OF THE UNITED STATES

INSTRUCTION NO. 1

Elements of the Offense - Count One
(Hate Crime Acts)

The Indictment charges the defendant, James William Hill, III, willfully caused bodily injury to Curtis Tibbs, because of Curtis Tibbs' actual or perceived sexual orientation, namely, that Curtis Tibbs was gay. It charges that, in connection with the offense, the defendant interfered with the commercial or other economic activity Curtis Tibbs was engaged in at the time of the conduct, or that the defendant otherwise affected interstate or foreign commerce.

To find the defendant guilty of this crime, the United States must prove each one of the following elements beyond a reasonable doubt:

(1) That the defendant caused bodily injury to Curtis Tibbs;

(2) That the defendant did so willfully;

(3) That the defendant acted because of the actual or perceived sexual orientation of Curtis Tibbs; and

(4) That the conduct described in the first three elements occurred in one of the following circumstances: (a) the defendant's conduct interfered with the commercial or economic activity in which Curtis Tibbs was engaged at the time of the conduct; or (b) the defendant's conduct otherwise affected interstate or foreign commerce.

If all of these elements have been proved beyond a reasonable doubt, then you may find the defendant guilty of the crime charged. If you find that any of these elements has not been proved beyond a reasonable doubt, you must find the defendant not guilty of the crime.

18 U.S.C. § 249(a)(2);

PROPOSED JURY INSTRUCTION OF THE UNITED STATES

INSTRUCTION NO. 2

<u>Element One: "Bodily Injury" Defined - 18 U.S.C. § 249(a)(2)</u>

Bodily injury means any injury to the body and includes a cut, abrasion, bruise, burn, or disfigurement; physical pain; illness; impairment of the function of a bodily member, organ, or mental faculty; or any other injury to the body, no matter how temporary. Bodily injury does not include solely emotional or psychological harm to the victim.

_____

18 U.S.C. § 249(c)(1);

18 U.S.C. § 1365(h)(4).

PROPOSED JURY INSTRUCTION OF THE UNITED STATES

INSTRUCTION NO. 3

Element Two: "Willfully" Defined - 18 U.S.C. § 249(a)(2)

The defendant acted willfully if he acted voluntarily and intentionally, with the intent to do something the law forbids—that is, with the bad purpose to disobey or disregard the law. The United States is not required to prove that the defendant was aware of the specific law that his conduct might violate. The United States also need not show that the acts of the defendant were premeditated or of a long duration.

A defendant's intent is his state of mind. Intent can be proven by circumstantial evidence. In determining what a defendant intended you may consider any statement made or any acts done or omitted by that defendant. You may also consider all the attendant circumstances of the case, that is, all other facts and circumstances received in evidence which may aid in your determination of the defendant's intent.

---

*Bryan v. United States*, 524 U.S. 184, 188 (1998) (tacitly approving charge: "A person acts willfully if he acts intentionally and purposely and with the intent to do something the law forbids, that is, with the bad purpose to disobey or disregard the law. Now, the person need not be aware of the specific law or rule that his conduct may be violating. But he must act with the intent to do something that the law forbids.");

*Bryan*, 524 U.S. at 191-92 ("[A] 'willful' act is one undertaken with a 'bad purpose.' In other words, in order to establish a 'willful' violation of a statute, 'the Government must prove that the defendant acted with knowledge that his conduct was unlawful.'"); *see also United States v. Gilbert*, 430 F.3d 215, 219 (4th Cir. 2005) (citing *Bryan*, 524 U.S. at 191, 193);

Eric Wm. Ruschky, *Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina* § V. Definitions, Willfulness – Specific Intent, p. 645-46 (Emily Deck Harrill, ed., 2015 Online Edition) (citing *United States v. Silva*, 745 F.2d 840, 850-52 (4th Cir. 1984) ("It is reasonable to infer that a person ordinarily intends the natural and probable consequences of acts

4

knowingly done or knowingly omitted. The jury may draw the inference that he defendant intended all of the consequences which one standing in like circumstances and possessing like knowledge should reasonably have expected to result from any act knowingly done or knowingly omitted by the defendant."));

Eric Wm. Ruschky, *Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina* § V. Definitions, Willfulness – Specific Intent, p. 645-46 (Emily Deck Harrill, ed., 2015 Online Edition) (citing *United States v. Arthur*, 544 F.2d 730, 737 (4th Cir. 1976) (approving: "Any such inference drawn is entitled to be considered by the jury in determining whether or not the government has proved beyond a reasonable doubt that the defendant possessed the required criminal intent."));

*United States v. Simons*, 107 F. Supp. 2d 703, 705 (E.D. Va. 2000) (citing with approval, O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 17.05 (5th ed. 2000) ("The term 'willfully', as used in these instructions to describe the alleged state of mind of Defendant, means that [he] [she] knowingly [performed an act], deliberately and intentionally ['on purpose'] as contrasted with accidentally, carelessly, or unintentionally." )). [Instruction § 1705 is unchanged in O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, (6th ed. 2008)];

PROPOSED JURY INSTRUCTION OF THE UNITED STATES

INSTRUCTION NO. 4

<u>Element Three: "Because of the Actual or Perceived Sexual Orientation"</u>
<u>Defined - 18 U.S.C. § 249(a)(2)</u>

The Indictment alleges that the defendant assaulted Curtis Tibbs because of his actual or perceived sexual orientation. Specifically, the indictment alleges that the defendant assaulted Curtis Tibbs because he believed Curtis Tibbs to be gay. The government need not prove that Curtis Tibbs is actually gay; but it must prove that the defendant believed – or perceived – him to be so and that the defendant's perception of Curtis Tibbs' sexual orientation is what led to the assault.

To prove that the assault occurred "because of" Curtis Tibbs' sexual orientation, the government must show that the assault would not have occurred but for the fact that the defendant believed Curtis Tibbs to be gay. You may find that the defendant is guilty, even if there was more than one reason why he assaulted Curtis Tibbs. The government must prove, however, that Curtis Tibbs' actual or perceived sexual orientation played a determinative role in the defendant's decision to assault him. In other words, you must find that, despite any other reason the defendant had for the assault, the assault would not have taken place without the incremental effect of Curtis Tibbs' actual or perceived sexual orientation.

---

18 U.S.C. § 249(a)(2);

Leonard B. Sand and John S. Siffert, Modern Federal Jury Instructions, 1-17, p. 17.06 (2005) ("Sand and Siffert");

*Burrage v. United States*, 134 S. Ct. 881, 888-89 (2014) (discussing interpretation of statutes using the term "because of");

*United States v. Miller*, 767 F. 3d 585, 592-594 (6th Cir. 2014) (discussing "but for" requirement finding that "[f]or an assault to be a federal hate crime, the victim's protected characteristic must be a but-for cause behind the defendant's decision to act."

*United States v. Burkholder*, 2016 WL 851830 at *9 (10th Cir. Mar. 4, 2016) (affirming district court's rejection of defendant's request for proximate-cause jury instruction, and holding that 21 U.S.C. § 841(b)(1)(E) provision that "death . . . results from the use" of a Schedule III controlled substance requires only proof of but-for causation.);

*Gross v. FBL Financial Services, Inc.*, 557 U.S. 167 (2009) ("[T]he ordinary meaning of the ADEA's requirement that an employer took adverse action 'because of' age is that age was the 'reason' that the employer decided to act.");

*Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610 (1993) (explaining that an ADEA claim "cannot succeed unless the employee's protected trait actually played a role in [the employer's decisionmaking] process and had a determinative influence on the outcome");

*Safeco Ins. of America v. Burr*, 551 U.S. 47, 63-64 (2007) (noting that "because of" means "based on" and that "based on" indicates a but-for causal relationship);

PROPOSED JURY INSTRUCTION OF THE UNITED STATES

INSTRUCTION NO. 5

Element Four: Circumstances in Which the Conduct Occurred:
Interference with "Commercial or Economic Activity" and
Otherwise Affecting "Interstate or Foreign Commerce" —18 U.S.C. 249(a)(2)

The final element that the United States must prove beyond a reasonable doubt is that the conduct occurred in one of two circumstances: (a) the defendant's conduct interfered with the commercial or economic activity in which the victim was engaged at the time of the conduct, or (b) the defendant's conduct otherwise affected interstate or foreign commerce.

You may find that the defendant's conduct interfered with commercial or economic activity in which the victim was engaged at the time of the conduct, if you find beyond a reasonable doubt that (1) Curtis Tibbs was packaging goods for interstate shipping at the time of the defendant's assault or was performing employment duties; and (2) that the defendant's assault interrupted these activities by preventing Curtis Tibbs from continuing to package goods for interstate shipping or by preventing Curtis Tibbs from completing or continuing to carry out his employment duties.

If you find beyond a reasonable doubt that the defendant's conduct interfered with the commercial or economic activity in which the victim was engaged at the time of the conduct, you may find that the third element of the offense has been satisfied.

---

18 U.S.C. § 249(a)(2)(iv)("the conduct described…interferes with commercial or other economic activity in which the victim is engaged at the time of the conduct; or otherwise affects interstate or foreign commerce");

**Where Congress has Commerce Clause power to regulate the underlying commercial activity, Congress also has the power to protect interstate commerce by criminalizing violence against individuals that interfere with that activity:**

*United States v. Hill*, No. 16-4299, 2017 WL 3575241, at *9 (4th Cir. Aug. 18, 2017) ("[W]here a defendant's conduct directly interferes with or otherwise affects commerce subject to congressional regulation, that conduct may be federally regulated under the Commerce Clause.")(Wynn, J., dissenting);

18 U.S.C. § 1951(a) (Hobbs Act criminalizes robberies that affect "commerce over which the United States has jurisdiction");

*Taylor v. United States,* 136 S. Ct. 2074 (2016) (robbery or attempted robbery of a drug dealer of drugs or drug proceeds required no further evidence of robbery's impact upon interstate commerce; "By targeting a drug dealer in this way, a robber necessarily affects or attempts to affect commerce over which the United States has jurisdiction");

*United States v. Darby*, 312 U.S. 100, 113 (1941) (holding that "the shipment of manufactured goods interstate" is commercial activity and that Congress has the power to prohibit shipment of such products that were produced under substandard labor conditions).

*Perez v. United States,* 402 U.S. 146, 154 (1971) ("Where the class of activities is regulated and that class is within the reach of federal power, the courts have no power 'to excise, as trivial, individual instances' of the class" (*quoting Maryland v. Wirtz*, 392 U.S. 183, 193 (1968))).

**Congress may regulate interference with property actively employed in commercial activity that affects Interstate Commerce:**

*United States v. Aman*, 480 F. App'x 221, 224 (4th Cir.), cert. denied, 133 S. Ct. 366 (2012) (Congress may regulate interference with property that is "actively employed in a commercial activity that affects interstate commerce");

*United States v. Terry*, 257 F.3d 366, 370 (4th Cir.), cert. denied, 534 U.S. 1035 (2001) (Congress's Commerce Clause power extends to conduct that "was not removed from or passively connected to commerce");

*United States v. Jimenez*, 256 F.3d 330, 336 (5th Cir. 2001) ("Despite the Supreme Court decisions in *United States v. Lopez*, and *United States v. Morrison*, the arson of a building – even a private home – containing an active business will often satisfy the constitutional requirement that the arson 'substantially affect[] interstate commerce.'" (brackets in original; citation and footnotes omitted)).

PROPOSED JURY INSTRUCTION OF THE UNITED STATES

INSTRUCTION NO. 6

Element Four: Circumstances in Which the Conduct Occurred:
Otherwise Affecting "Interstate or Foreign Commerce" —18 U.S.C. 249(a)(2)

Alternatively, you may find that the third element of the offense has been satisfied if you find beyond a reasonable doubt that the defendant's conduct otherwise affected interstate or foreign commerce.

"Interstate commerce" means the movement or transportation or flow of goods, merchandise, money, or other property in commerce between or among the states.

"Foreign commerce" means the movement or transportation or flow of goods, merchandise, money, or other property in commerce between any part of the United States, and any other country.

To show that the defendant's conduct otherwise "affected" interstate or foreign commerce, it is not necessary for the United State to prove that the defendant specifically knew or intended that his conduct would affect interstate or foreign commerce. It is only necessary that the natural consequences of such conduct would be to affect interstate or foreign commerce in some way, even if minor.

The government must prove beyond a reasonable doubt, however, that the defendant deliberately performed an act, the ordinary and natural consequences of which would be to obstruct, delay, or affect commerce, and that the defendant's act did obstruct, delay, or affect interstate or foreign commerce. This may be satisfied though the impact upon commerce is small, and it may be shown by proof of probabilities without evidence that any particular commercial movements were affected.

_____

**Interstate and Foreign Commerce:**

18 U.S.C. § 10;

Fifth Circuit Pattern Jury Instructions, No. 1.39 (2012) ("Interstate commerce means commerce or travel between one state, territory or possession of the United States and another state, territory or possession of the United States, including the District of Columbia.");

Tenth Circuit Pattern Jury Instructions, No. 1.39 (2011) ("Interstate commerce means commerce or travel between one state, territory or possession of the United States and another state, territory or possession of the United States, including the District of Columbia. Commerce includes travel, trade, transportation and communication. Foreign commerce means commerce between any part of the United States (including its territorial waters), and any other country (including its territorial waters).");

Tenth Circuit Pattern Jury Instructions, No. 1.39.1 (2011) ("If you decide that there was any effect at all on [interstate][foreign] commerce, then that is enough to satisfy this element. All that is necessary is that the natural and probable consequence of the acts the defendant took would be to affect [interstate][foreign] commerce.");

*United States v. Bailey*, 990 F.2d 119, 125-26 (4th Cir. 1993) (effect on interstate commerce need not be adverse, citing cases);

*United States v. Spagnolo*, 546 F.2d 1117, 1119 (4th Cir. 1976) ("As [the Hobbs Act's] language indicates, the statute is not to be narrowly construed nor is it 'limited to conduct which directly and immediately obstructs a particular movement of goods in interstate commerce' but covers any extortions which in any degree may be regarded as affecting commerce. It is of no moment whether the defendants intended or contemplated an effect on commerce nor is it necessary to offer evidence that particular shipments or transactions in commerce were affected; all that is required to bring an extortion within the statute is proof of a reasonably probable effect on commerce, however, minimal, as a result of the extortion.") (internal citations omitted);

*Taylor v. United States*, 136 S. Ct. 2074 (2016) ("[I]t makes no difference under our cases that any actual or threatened effect on commerce in a particular case is minimal.");

*United States v. Taylor*, 754 F.3d 217, 222 (4th Cir. 2014), *aff'd*, 136 S. Ct. 2074, 195 L. Ed. 2d 456 (2016) ("The effect may be so minor as to be *de minimis, United States v. Buffey,* 899 F.2d 1402, 1404 (4th Cir.1990), and may be demonstrated by 'proof of probabilities,' *United States v. Brantley,* 777 F.2d 159, 162 (4th Cir.1985). Moreover, the government is not required to prove that the 'defendant intended to affect commerce or that the effect on commerce was certain; it is enough that such an effect was the natural, probable consequence of the defendant's actions.' United States v. *Williams,* 342 F. 3d. 350, 354 (4th Cir. 2003).");

**No Intent to Affect Commerce:**

*United States v. Williams*, 342 F.3d 350, 354 (4th Cir. 2003) (holding that Hobbs Act "does not require proof that a defendant intended to affect commerce or that the effect on commerce was certain; it is enough that such an effect was the natural, probable consequence of the defendant's actions.").

**Proof of Probabilities:**

*United States v. Tillery*, 702 F.3d 170, 174 (4th Cir. 2012)("The impact on commerce may be shown by 'proof of probabilities without evidence that any particular commercial movements were affected.' *United States v. Brantley,* 777 F.2d 159, 162 (4th Cir.1985)");

*United States v. Torres*, 87 F. App'x 832 (4th Cir. 2001) (finding that jurisdiction predicate of Hobbs Act may be shown by proof of probabilities);

*United States v. Berry*, 427 F. App'x 247, 248 (4th Cir. 2011) ("The interstate commerce requirement has been broadly interpreted and courts have found it 'satisfied even where the effect on interstate commerce is indirect, minimal and less than certain,' although the effect must be 'reasonably probable.' *United States v. Buffey,* 899 F.2d 1402, 1404 (4th Cir.1990)").

**Hobbs Act instructions previously used by this Court:[1]**

*United States v. Jermaine Rodney Williams*, Criminal No. 3:15CR175 ("The term 'obstructs, delays, or affects commerce' means any action which, in any manner or to any degree, interferes with, changes, or alters the movement or transportation or flow of goods, merchandise, money, or other property in commerce. It is not necessary for the Government to prove that the defendant actually intended to obstruct, delay, or affect commerce. The Government must prove beyond a reasonable doubt, however, that the defendant deliberately performed an act, the ordinary and natural consequences of which would be to obstruct, delay, or affect commerce. Only a minimal effect, however small, on interstate commerce is necessary to satisfy the third element and the effect on commerce need only be probable or potential, not actual.");

*United States v. Lamar Keith Garvin*, Criminal No. 3:13CR141 ("The term 'obstructs, delays, or affects commerce' means any action which, in any manner or to any degree, interferes with, changes, or alters the movement or transportation or flow of goods, merchandise, money, or other property in commerce. Only a minimal effect, however small on interstate commerce is necessary to satisfy this element. The effect on commerce need only be probable or potential – not actual. It is not necessary for the Government to prove that the defendant actually intended to

---

[1] The below instructions were submitted as proposed jury instructions in Hobbs Act cases before this Court. Although the Court's final instructions were not available on PACER, the United States believes they were adopted without changes.

obstruct, delay, or affect commerce. The Government must prove beyond a reasonable doubt, however, that the defendant deliberately performed an act, the ordinary and natural consequences of which would be to obstruct, delay, or affect commerce. This may be satisfied though the impact upon commerce is small, and it may be shown by proof of probabilities without evidence that any particular commercial movements were affected.").

## **CONCLUSION**

Based upon the foregoing, the United States submits these jury instructions for the Court's consideration.

                        Respectfully submitted,

                        DANA J. BOENTE
                        UNITED STATES ATTORNEY

                        JOHN M. GORE
                        ACTING ASST. ATTORNEY GENERAL

By:         /s/
        S. David Schiller
        Assistant United States Attorney
        U.S. Attorney's Office
        919 E. Main Street, Suite 1900
        Richmond, VA 23219
        Phone: 804-819-5400
        Fax: 804-771-2316
        Email: David.Schiller@usdoj.gov

        /s/ Saeed A. Mody
        SAEED A. MODY
        Trial Attorney, Civil Rights Division
        United States Department of Justice
        950 Pennsylvania Avenue, NW – PHB
        Washington, DC 20530
        (202) 514-5107
        Saeed.Mody@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2017, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

By:       /s/
S. David Schiller
Assistant United States Attorney
U.S. Attorney's Office
919 E. Main Street, Suite 1900
Richmond, VA 23219
Phone: 804-819-5400
Fax: 804-771-2316
Email: David.Schiller@usdoj.gov