IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                    Criminal Action No. 3:16-cr-009

JAMES WILLIAM HILL, III,

            Defendant.

## Proposed Jury Instructions

The Court submits the attached proposed jury instructions for the parties to review before the trial in this case.

At the outset, I apologize to the parties for the delay in preparing these proposed instructions. I have returned to the Fourth Circuit's opinion remanding this case several times, have read and reread the Supreme Court's relevant Commerce Clause cases, and have considered other Commerce Clause cases to determine how to try this case. It has not been easy.

In drafting the substantive instructions, the Court has tried to follow the language of the statute. The first issue of dispute between the parties deals with the last two subparagraphs of 18 U.S.C. § 249(a)(2)(B)(iv). The defendant says that the subparagraphs comprise a single element: the defendant asks the Court to instruct the jury that Mr. Hill's actions not only interfered with economic or commercial activity, but also had a substantial effect on interstate or foreign commerce. In essence, the defendant contends that the Court should amend the word "or" to "and" in 18 U.S.C. § 249(a)(2)(B)(iv). The statute says, however, that the government must prove that the conduct interferes with commercial and economic activity *or* otherwise affects commerce. The Court's instructions will not change the statutory scheme.

The second area of dispute, and the major difference between the parties, arises from the parties' views on the substantiality of the effect of Mr. Hill's action on commerce. The defendant has asked the Court to instruct the jury that it must find that Mr. Hill's actions had a substantial effect on commerce; the government proposes that the Court not instruct the jury on this topic. The Court declines to instruct the jury to determine whether Hill "substantially" affected commerce, for three reasons. First, the Supreme Court has indicated that the meaning of a commerce element "is a question of law." *Taylor v. United States*, 136 S. Ct. 2074, 2080 (2016). Substantiality of effect on commerce is the essence of the constitutional question here. It is a legal issue, and the Court intends to decide the issue itself.

Second, the statute does not make "substantial effect" an element of the offense; rather, Congress has provided that the conduct simply must "otherwise affect[] interstate or foreign commerce." If substantiality is not a legal question for the Court, but rather is an element that the jury must find, then it is an element that is not in the statute. Although this may add fuel to the fire of the defendant's argument about facial unconstitutionality, the Court will not modify the elements defined by the statute.

Third, the parties have offered no instruction to guide the jury to understand a substantial effect on commerce. Indeed, the Supreme Court has said that "the question of congressional power under the Commerce Clause 'is necessarily one of degree.'" *United States v. Lopez*, 514 U.S. 549, 566 (1995) (quoting *N.L.R.B. v. Jones & Laughlin Steel*, 301 U.S. 1, 37 (1937)). The determination of issues related to the substantiality of effect "are not precise formulations, and in the nature of things they cannot be." *Lopez*, 514 U.S. at 567. The question framed here raises legal issues of constitutional dimension, and those issues should be decided by the Court.

The final area of dispute between the parties arises when they quibble about the "but for" element of causation. Their disputes raise questions of word choice more than meaning, and the Court has cobbled the parties' proposed instructions together to address the element of causation.

The parties are welcome to suggest amendments to the proposed instructions. Given the novelty of the questions raised, the Court expects that it will need to change the instructions based on the always informed input of counsel.

Let the Clerk send a copy of these proposed jury instructions to all counsel of record.

/s/
John A. Gibney, Jr.
United States District Judge

Date: January 11, 2018
Richmond, VA

## INSTRUCTION NO. 1

Members of the Jury:

You have now heard all of the evidence in the case as well as the final arguments. It becomes my duty, therefore, to instruct you on the rules of law that you must follow and apply in arriving at your decision in the case. In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide what testimony and evidence is relevant under the law for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

## INSTRUCTION NO. 2

You, as jurors, are the judges of the facts. But in determining what actually happened in the case – that is, in reaching your decision as to the facts – it is your sworn duty to follow the law as I explain it to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

# INSTRUCTION NO. 3

Although the defendant has been indicted, you must remember that an indictment is only an accusation. It is not evidence. The defendant has pled not guilty to that indictment.

As a result of the defendant's plea of not guilty, the burden is on the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to the defendant for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

The law presumes the defendant to be innocent of all charges against him. I therefore instruct you that the defendant is presumed by you to be innocent throughout your deliberations until such time, if ever, you as a jury are satisfied that the government has proven his guilt beyond a reasonable doubt.

The defendant begins the trial here with a clean slate. The presumption of innocence alone is sufficient to acquit him unless you as jurors are unanimously convinced beyond a reasonable doubt of his guilt, after a careful and impartial consideration of all the evidence in the case. If the government fails to sustain its burden, you must find the defendant not guilty.

The presumption was with the defendant when the trial began and remains with him even now as I speak to you and will continue with him into your deliberations unless and until you are convinced that the government has proven his guilt beyond a reasonable doubt.

## INSTRUCTION NO. 4

The indictment or formal charge against the defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. The law does not require a defendant to prove his innocence or produce any evidence at all.

The defendant in a criminal case has an absolute right under our Constitution not to testify. The fact that the defendant did not testify must not be discussed or considered in any way when deliberating and in arriving at your verdict. No inference of any kind may be drawn from the fact that a defendant decided to exercise his privilege under the Constitution and did not testify.

The United States has the burden of proving him guilty beyond a reasonable doubt and if it fails to do so, you must acquit him.

While the burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt. It is only required that the proof by the United States exclude any "reasonable doubt" concerning the defendant's guilt.

# INSTRUCTION NO. 5

The evidence in the case consists of the sworn testimony of the witnesses, regardless of who may have called them; and all exhibits received in evidence, regardless of who may have produced them; and all facts which may have been admitted or stipulated; and all facts and events which may have been judicially noticed. Statements and arguments of counsel are not evidence in the case, unless made as an admission or stipulation of fact. Objections and my rulings on the objections are not evidence, and do not indicate my view on how you should decide the case.

Also, during the course of a trial I occasionally made comments to the lawyers, or asked questions of a witness, or admonished a lawyer or admonished a witness concerning the manner in which he or she should respond to the questions of counsel. Do not assume from anything I may have said that I have any opinion concerning any of the issues in the case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

When the attorneys on both sides stipulate or agree as to the existence of a fact, you may, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.

Any evidence as to which an objection was sustained by the Court, and any evidence ordered stricken by the Court, must be entirely disregarded.

Anything you may have seen or heard outside the courtroom is not evidence, and must be entirely disregarded.

You are to consider only the evidence in the case. But in your consideration of the evidence, you are not limited to the bald statements of the witnesses. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw such

reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

You may also consider either direct or circumstantial evidence. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances indicating either the guilt or innocence of the defendant. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It requires only that you weigh all of the evidence and be convinced of the defendant's guilty beyond a reasonable doubt before he can be convicted.

## INSTRUCTION NO. 6

You must, during your deliberations, decide what weight shall be given to the evidence. To do this, you must determine the credibility or truthfulness of the witnesses who have testified before you. You are not required to believe the testimony of any witness simply because he or she was under oath. You may believe the testimony given by any witness in whole, in part, or not at all.

In testing the credibility of witnesses, you may consider any relationship a witness may have to either side of the case and her or her interest, if any, in the verdict to be rendered. You may consider behavior of the witnesses upon the witness stand; their manner of testifying; the reasonableness and the probability of their testimony being true or not true; the opportunity they had to see, hear, and know the things about which they testified; the accuracy of their memories; their candor or lack of candor; and their intelligence, interest, and bias, if any. You may consider the extent to which, if at all, the testimony given by any witness is supported or contradicted by other evidence in the case. You should consider, in sum, all of the circumstances surrounding the testimony of a given witness.

You may apply the tests of truthfulness I have mentioned, as well as any such tests you are accustomed to applying in your own daily lives, to weigh and determine the value and credibility of the statements made by each witness.

## INSTRUCTION NO. 7

The testimony of a witness may be discredited or impeached in various ways. One way is by evidence showing that the witness has been convicted of a felony, a crime for which a person may receive a prison sentence of more than one year. In other words, prior conviction of a crime that is a felony is one of the circumstances which you may consider in determining the credibility of that witness.

It is the sole and exclusive right of the jury to determine the weight to be given to any prior conviction as impeachment and the weight to be given to the testimony of anyone who has previously been convicted of a felony.

Other ways in which testimony may be discredited or impeached are by introducing contradictory evidence, by showing that he or she testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, that is inconsistent with the witness' present testimony.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

In addition, you have heard the testimony of witnesses who

(1) provided evidence under agreements with the government;

[and/or]

(2) participated in the crime charged against defendant[s].

Some people in this position are entirely truthful when testifying. Still, you should consider the testimony of these individuals with particular caution.

## INSTRUCTION NO. 8

The fact that one party called more witnesses and introduced more evidence than the other does not mean that you should necessarily find the facts in favor of the side offering the most witnesses. You are to judge the credibility of the witnesses and base your decision on the facts as you determine them from all the evidence.

## INSTRUCTION NO. 9

The rules of evidence provide that if scientific, technical, or specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify and state his or her opinion concerning such matters.

Merely because such a witness has expressed an opinion does not mean, however, that you must accept the opinion. You should judge such testimony like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

## INSTRUCTION NO. 10

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of each crime charged. The defendant is not on trial for any act, conduct, or offense not alleged in the indictment. Neither are you concerned with the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

## INSTRUCTION NO. 11

The indictment charges that the offense was committed "on or about" or "in or about" a certain date. The proof need not establish with certainty the exact date of the alleged offense. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

## INSTRUCTION NO. 12

The term "knowingly," as used in these instructions to describe the alleged state of mind of the defendant, means that he was conscious and aware of his action, realized what he was doing or what was happening around him, and did not act because of ignorance, mistake, or accident.

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind. In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to you, however, to decide what facts to find from the evidence received during the trial.

## INSTRUCTION NO. 13

Videos or tape recordings of conversations or events have been received in evidence and have been played for you. Typewritten transcripts of these tape recorded conversations were furnished to you. These typewritten transcripts of the conversations were given to you solely for your convenience in assisting you in following the conversation or in identifying the speakers.

The tape itself is evidence in the case and the typewritten transcripts are not evidence. What you hear on the tape is evidence. What you read on the transcript is not. If you perceive any variation between the two, you will be guided solely by the tapes and not by the transcripts.

If you cannot, for example, determine from the tape recording that particular words were spoken or if you cannot determine from the tape recording who said a particular word or words, you must disregard the transcripts insofar as those words of that speaker are concerned.

## INSTRUCTION NO. 14

In the indictment, Mr. Hill is charged with assaulting Curtis Tibbs because of Tibbs's actual or perceived sexual orientation. The following instructions deal with what the government must prove about this offense.

## INSTRUCTION NO. 15

To prove Mr. Hill guilty of this offense, the government must prove each "element" of the charge beyond a reasonable doubt. The "elements" are the parts of the offense that must be shown by evidence.

The government must prove each of the following elements beyond a reasonable doubt:

1.    That Mr. Hill caused bodily injury to Curtis Tibbs;

2.    That Mr. Hill did so willfully;

3.    That Mr. Hill acted because of the actual or perceived sexual orientation of Tibbs;

4.    That the conduct described in the first three elements had one of the following effects:

   a)    Mr. Hill's conduct interfered with commercial or economic activity in which Tibbs was engaged at the time of Mr. Hill's conduct, or

   b)    Mr. Hill's conduct otherwise affected interstate or foreign commerce.

If you find that the government has proved all these elements beyond a reasonable doubt, then you may find Mr. Hill guilty. If you find that any of these elements has not been proved beyond a reasonable doubt, you must find Mr. Hill not guilty of the crime.

## INSTRUCTION NO. 16

"Bodily injury" means any injury to the body and includes a cut, abrasion, bruise, burn, or disfigurement; physical pain; illness; impairment of the function of a bodily member, organ, or mental faculty; or any other injury to the body, no matter how temporary. Bodily injury does not include solely emotional or psychological harm to the victim.

## INSTRUCTION NO. 17

The government must prove that Mr. Hill acted willfully. A person acts willfully if he acted voluntarily and intentionally, and not by accident. To act willfully means to act with the intent to do something the law forbids. A defendant's intent is his state of mind. Intent can be proven by circumstantial evidence.

The United States is not, however, required to prove that Mr. Hill was aware of the specific law that his conduct might violate. The United States also need not show that the acts of the defendant were premeditated or of a long duration.

## INSTRUCTION NO. 18

The government charges that Mr. Hill assaulted Tibbs because of his actual or perceived sexual orientation. Specifically, the government says that Mr. Hill assaulted Curtis Tibbs because he believed Tibbs to be gay. The government need not prove that Tibbs is actually gay; but it must prove that Mr. Hill believed – or perceived – him to be gay and that Mr. Hill's perception or belief about Curtis Tibbs's sexual orientation caused the assault.

To prove that the assault occurred "because of" Tibbs's sexual orientation, the government must show that the assault would not have occurred but for the fact that Mr. Hill believed Tibbs to be gay. In other words, the government must prove beyond a reasonable doubt that Tibbs' perceived sexual orientation was the reason Mr. Hill acted.

You may find that more than one reason led to the assault. But you must find that, despite any other reason Mr. Hill had for the assault, the assault would not have taken place without the added effect of Tibbs's actual or perceived sexual orientation.

In other words, if Mr. Hill was partially—or significantly—motivated by prejudice, but he still would have committed the assault without Tibbs' actual or perceived sexual orientation, Mr. Hill cannot be guilty.

## INSTRUCTION NO. 19

The final element that the government must prove beyond a reasonable doubt is that the conduct occurred in one of two circumstances: (a) Mr. Hill's conduct interfered with the commercial or economic activity in which Tibbs was engaged at the time of the conduct, or (b) Mr. Hill's conduct otherwise affected interstate or foreign commerce. The government does not need to prove both circumstances, but it must prove one of them beyond a reasonable doubt.

As to the second circumstance, I must define several specific legal terms. "Interstate commerce" means the movement or transportation or flow of goods, merchandise, money, or other property in commerce between or among the states. "Foreign commerce" means the movement or transportation or flow of goods, merchandise, money, or other property in commerce between any part of the United States, and any other country.

To show that Mr. Hill's conduct "affected" interstate or foreign commerce, the government need not prove that Mr. Hill specifically knew or intended that his conduct would affect interstate or foreign commerce. Rather, the government must show that the natural consequences of Mr. Hill's conduct would be to affect interstate or foreign commerce in some way, and that Mr. Hill's conduct did, in fact, obstruct, delay, or affect interstate or foreign commerce.

# INSTRUCTION NO. 20

Upon retiring to your jury room to begin your deliberation, you must elect one of your members to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in court.

Your verdict must represent the collective judgment of the jury. In order to return a verdict, it is necessary that each juror agree to it. Your verdict, in other words, must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for herself and herself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and to change your opinion if convinced it is erroneous. Do not surrender your honest conviction, however, solely because of the opinion of your fellow jurors or for the mere purpose of thereby being able to return a unanimous verdict.    Remember at all times that you are not partisans. You are judges—judges of the facts of the case. Your sole interest is to seek the truth from the evidence received during the trial.

Your verdict must be based solely upon the evidence received in the case. Nothing you have seen or read outside of court may be considered. Nothing that I have said or done during the course of the trial is intended in any way, to somehow suggest to you what I think your verdict should be.  Nothing said in these instructions and nothing in any form of verdict, which has been prepared for your convenience, is to suggest or convey to you in any way or manner any intimation as to what verdict I think you should return.  What the verdict shall be is the exclusive

duty and responsibility of the jury. As I have told you many times, you are the sole judges of the facts.

The punishment provided by law for the offenses charged in the indictment is a matter exclusively within the province of the Court and should never be considered by the jury in any way in arriving at an impartial verdict as to the offenses charged.

A form for the verdicts has been prepared for your convenience.

You will take the form to the jury room and, when you have reached unanimous agreement as to your verdicts, you will have your foreperson write your verdicts, date and sign the form, and then return with your verdicts to the courtroom.

If it becomes necessary during your deliberations to communicate with the Court, you may send a note, signed by your foreperson or by one or more members of the jury, through the court security officer. No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing and the Court will never communicate with any member of the jury concerning the evidence, your opinions, or the deliberations other than in writing or orally here in open court.

You will note that the court security officers, other members of the Court staff, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury concerning the evidence, your opinions, or the deliberations.

Bear in mind also that you are never to reveal to any person—not even to the Court— how the jury stands, numerically or otherwise, on the question of whether or not the government has sustained its burden of proof until after you have reached a unanimous verdict.